IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:17CR229-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | *AMENDED* CONSENT ORDER |
| v. ) | AND JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| CRAIG BRIAN NOBLETT ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property[1] is forfeited to the United States pursuant to 18 U.S.C. § 924, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

> **Approximately $2,716 in United States currency seized during the investigation on March 9, 2017;**
>
> **One Ruger model P89, 9mm pistol, serial number 304-28554, and ammunition, seized during the investigation on March 9, 2017;**
>
> **One Keltec, model P32, .32 caliber pistol, serial number D2184, and ammunition, seized during the investigation on March 9, 2017;**
>
> **One Springfield Armory automatic, .40 caliber pistol serial number XD444522, and ammunition, seized during the investigation on June 1, 2017;**
>
> **One Beretta PX4 Storm, 9mm caliber pistol serial number PX311726, and ammunition, seized during the investigation on June 1, 2017;**
>
> **One Mossberg, Model 500AT, 12 gauge shotgun with pistol grip, serial number G753868A, and ammunition, seized during the investigation on June 1, 2017;**
>
> **One Pink and Black, 22 caliber rifle with stock cut off, serial number 363869, and ammunition, seized during the investigation on June 1, 2017;**

---

[1] The Knight Mfg., .50 caliber black powder, serial number 54575 seized during the investigation on June 1, 2017 is not considered a firearm and therefore there is no need for forfeiture and will be destroyed by the investigative agency.

**One Marlin, .22 caliber bolt action rifle manufactured before serial number required, and ammunition, seized during the investigation on June 1, 2017;**

**One Sturm, Ruger & Co. semi-automatic, .22 caliber rifle with large magazine, serial number 357-97458 seized during the investigation on June 1, 2017; and**

**One Marlin, .22 caliber semi-automatic rifle serial number 08303935, seized during the investigation on June 1, 2017.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 924, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
STEVEN R. KAUFMAN
Assistant United States Attorney

_____
CRAIG BRIAN NOBLETT
Defendant

_____
NORMAN BUTLER
Attorney for Defendant

Signed this the 24th day of August 2018.

_____
HONORABLE JUDGE ROBERT J. CONRAD, JR.
UNITED STATES DISTRICT COURT JUDGE